UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN EDWARDS,

    Petitioner,

vs.

PATRICIA CARUSO,
et al.,

    Respondents.
_____/

Civil Action No.
05-CV-74113-DT

HON. BERNARD A. FRIEDMAN

## ORDER DENYING PETITIONER'S "F. R. CIV. PR. 60(B) REQUEST FOR CERTIFICATE OF APPEALABILITY" (DKT. NO. 15) and DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner's "F. R. Civ. Pr. 60(b) Request for Certificate of Appealability." In the title of his request, Nathan Edwards ("Petitioner") seems to combine a motion for relief from judgment—pursuant to Federal Rule of Civil Procedure 60(b)—with a request for a certificate of appealability—pursuant to Federal Rule of Appellate Procedure 22(b). After review, the Court will interpret Petitioner's document as a request for a certificate of appealability. First, Petitioner only includes Rule 60(b) in the title of his request. Furthermore, Petitioner does not state that he is filing his request under one of the six grounds for a Rule 60(b) motion.[1] Second,

---

[1]Rule 60(b) states that a court may relieve a party from a court's order for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the

Petitioner consistently states that he is seeking a "certificate of appealability." He also cites to case law that directly relates to certificates of appealability and the applicable standard. As such, the Court will examine Petitioner's request under Rule 22(b), not Rule 60(b).

Rule 22(b) states that after "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b). Here, Petitioner has not filed a notice of appeal. Moreover, Rule 22(b) applies to "a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding." Id. Here, the case is not a habeas corpus or Section 2255 proceeding, as Petitioner has filed a Complaint based on 42 U.S.C. § 1983. Therefore, it would not be appropriate for the Court to issue a certificate of appealability.

However, even if Petitioner's request were properly before the Court, a certificate of appealability would still be denied. The Court finds 28 U.S.C. § 2253 to be instructive when making such a determination. Section 2253(c) states:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c) (2006). Thus, in order to obtain the certificate, the Petitioner must make a

---

judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
FED. R. CIV. P. 60(b).

"substantial showing" that his constitutional rights have been violated. See id. at (c)(2). The United States Supreme Court explained this standard as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (alteration in original) (quoting Gordon v. Willis, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). Further, the Sixth Circuit has held that the Antiterrorism and Effective Death Penalty Act "makes no change to the general showing required to obtain a certificate." Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997). Thus, 28 U.S.C. § 2253(c)(2) is a codification of the "substantial showing" standard in Barefoot, and it must be met by an applicant who claims that he was denied a constitutional right.

In the present case, Petitioner has not met the Barefoot standard, for the Court does not believe that the issues raised in Petitioner's request are debatable among jurists of reason. Therefore, for the reasons stated above, the Court will not issue a certificate of appealability.

Accordingly,

IT IS ORDERED that the Court shall not issue a certificate of appealability in this case.

                                                s/Bernard A. Friedman
                                                BERNARD A. FRIEDMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE

Dated: June 12, 2007
      Detroit, Michigan

**I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.**

      **/s/ Patricia Foster Hommel**
          **Patricia Foster Hommel
     Secretary to Chief Judge Friedman**