UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN EDWARDS,

    Plaintiff,

vs.

PATRICIA CARUSO, et al.,

    Defendants.

_____/

Civil Action No.
05-CV-74113-DT

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER REGARDING PLAINTIFF'S PURPORTED NOTICES OF APPEAL

This matter is presently before the Court on remand from the United States Court of Appeals for the Sixth Circuit. The sole issue before the Court is whether Plaintiff's two requests for a certificate of appealability—one filed on January 9, 2006 ("the January 9 Request") and the other on May 23, 2007 ("the May 23 Request")—constitute a notice of appeal from this Court's May 15, 2007, Order Denying Plaintiff's Motion for Reconsideration and Reinstatement. For the reasons discussed below, the Court finds that neither the January 9 Request nor the May 23 Request should be construed as a notice of appeal.

I.    **Background**

In October 2005, Plaintiff filed his Complaint, pursuant to 42 U.S.C. § 1983. In December 2005, the Court dismissed the Complaint. On January 9, 2006, Plaintiff filed a Motion for Reinstatement of Pleadings with New Respondents, which included a request for a certificate of appealability. On the same day, the Court denied the motion. On April 30, 2007,

1

Plaintiff filed a Motion for Reconsideration and Reinstatement, which was denied on May 15, 2007. On May 23, 2007, Plaintiff filed a Request for Certificate of Appealability. This motion was denied by the Court on June 12, 2007. On June 21, 2007, Plaintiff filed a Notice of Appeal, appealing the Court's denial of Plaintiff's May 23, 2007, Request for Certificate of Appealability. The Sixth Circuit dismissed this appeal on July 26, 2007. In the same order, the Sixth Circuit remanded the case to this Court for the limited purpose of determining whether Plaintiff's two requests for a Certificate of Appealability on January 9, 2007, and May 23, 2007, should be filed as notices of appeal from this Court's May 15, 2007, Order Denying Plaintiff's Motion for Reconsideration and Reinstatement.

II.     **Law**

Fed. R. App. P. 3(a) provides, in relevant part, "[a]n appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4." Fed. R. App. P. 4(a)(1)(A) reads, in pertinent part, "[i]n a civil case . . . the notice of appeal . . . must be filed with the district court within 30 days after the judgment or order appealed from is entered." Rule 4(a)(2) addresses notices of appeal that are filed before entry of judgment: "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."

Fed. R. App. P. 3(c) governs the content of notices of appeal, and requires that notices of appeal, "shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." "Although Rule 3(c) does suggest a form to be followed, there is no magic document called a Notice of

Appeal. Any document that meets the requirements of Rule 3(c) and is filed within the time prescribed by Rule 4(a) can function as a notice of appeal." *McMillan v. Barksdale*, 823 F.2d 981, 983 (6th Cir. 1987). Rule 3(c) has two essential purposes. *See United States v. Glover*, 242 F.3d 333, 336 (6th Cir. 2001). First, the Rule is "'sufficiently critical in avoiding inconsistency, vagueness and an unnecessary multiplication of litigation.'" *Id*. at 336 (quoting *Minority Employees v. Tenn. Dep't of Employment Sec.*, 901 F.2d 1327, 1329 (6th Cir. 1990) (*en banc*)). Second, "Rule 3(c) serves to satisfy due process concerns by 'ensur[ing] that the filing provides sufficient notice to other parties and the courts.'" *Id*. (quoting *Smith v. Barry*, 502 U.S. 244, 248 (1992)).

The United States Supreme Court has held that, "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Smith*, 502 U.S. at 248. Indeed, a court "may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988); *Glover*, 242 F.3d at 335. Therefore, "'strict obedience' to Rule 3(c) is warranted, even though it 'may have harsh results in certain circumstances.'" *Glover*, 242 F.3d at 335 (quoting *Minority Employees*, 901 F.2d at 1329).

At the same time, courts have recognized that "[t]he requirement that we observe the limits of our jurisdiction coexists with our recognition that '[n]o one wishes to prevent litigants from perfecting their appeals or from having their appeals heard on the merits. [All] would prefer that no appeal be dismissed for failure to comply with the jurisdictional prerequisites of the Federal Rules of Appellate Procedure if that were possible.'" *Glover*, 242 F.3d at 335 (quoting *Dillon v. United States*, 184 F.3d 556, 560 (6th Cir. 1999) (Clay, J., dissenting)).

In this vein, the United States Supreme Court has held that, while the requirements of Rule 3(c) can never be waived, "a court may construe the Rules liberally in determining whether they have been complied with." *Torres*, 487 U.S. at 317. Thus, "imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." *Becker v. Montgomery*, 522 U.S. 757, 767 (2001). Indeed, "when papers are 'technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.'" *Smith*, 502 U.S. at 248 (quoting *Torres*, 487 U.S. at 316-317). "This principle of liberal construction does not, however, excuse noncompliance with the Rule[s]." *Smith*, 502 U.S. at 248.

For example, with respect to Rule 3(c)'s requirement that the appellant name the court to which the appeal is taken, the Sixth Circuit has held that "when there is only one possible appellate forum, and no information or action contrary to the proper forum appears on the face of the papers, the filing of a notice of appeal has the practical effect of 'naming' that forum," even if the papers do not expressly do so. *Dillon*, 184 F.3d at 558. In so holding, the *Dillon* court cautioned, "[i]t is not our intention in any way to 'waive' the jurisdictional requirements that a notice of appeal designate the court to which the appeal is taken." *Id*. Instead, the court applied a liberal construction, as authorized by the Supreme Court in *Torres* and other cases, to conclude that compliance with Rule 3(c) had occurred.

Moreover, as mentioned above, the Sixth Circuit has held that "there is no magic document called a Notice of Appeal" and that "[a]ny document that meets the requirements of Rule 3(c) and is filed within the time prescribed by Rule 4(a) can function as a notice of appeal."

4

*McMillan*, 823 F.2d at 983. In so holding, the Sixth Circuit noted that, "this is particularly important where the filing is the work of a prisoner proceeding *pro se.* To reach a contrary holding would negate the express purpose of the rule in order to exalt form over substance." *Id*. Therefore, in *McMillan*, the court held that the *pro se* prisoner's request for a certificate of probable cause[1] could serve "double-duty" as a notice of appeal if it was timely filed under Rule 4(a) and "evinced an intent to appeal with sufficient clarity to constitute a notice of appeal." *Id*.

Notwithstanding *Dillon* and *McMillan*, the Sixth Circuit has made clear that liberal construction has its limits. For example, in *Glover*, the court held that extending *Dillon* one step further by excusing compliance with Rule 3(c)'s requirement that the notice of appeal designate the judgment or order being appealed would "nudge [the] [c]ourt across the line of construing the Rules liberally and into the inappropriate realm of amendment by judicial fiat." 242 F.3d at 336. The court reasoned that, "[u]nlike the decision *where* to appeal, the decision *what* to appeal is left almost exclusively to the discretion of the appellant." *Id*. at 336-337 (emphasis in original).

Therefore, while courts will excuse literal compliance with Rule 3(c)'s requirement that the appellant explicitly name the court to which the appeal is taken when there exists only one possible avenue for appeal, courts will not relax the requirement that the appellant designate the judgment, order or part thereof appealed from. Moreover, in the case of a prisoner proceeding *pro se*, any document that evinces an intent to appeal with sufficient clarity will constitute a notice of appeal if the requirements of Rules 3(c) and 4(a) are met.

---

[1] Prior to 1996, a certificate of appealability was termed a certificate of probable cause. *See* BLACK'S LAW DICTIONARY 239 (8th ed. 2004)

III.     **Plaintiff's January 9, 2007, Request for a Certificate of Appealability**

The question presented here is whether Plaintiff's January 9 Request may be construed as a notice of appeal from the Court's May 15, 2007, Order Denying Plaintiff's Motion for Reconsideration and Reinstatement. Clearly, a party cannot appeal from a judgment that has not yet been announced by a court. Therefore, a Request for a Certificate of Appealability filed on January 9, 2007, could not constitute a notice of appeal from an order entered more than four months later. Fed. R. App. P. 4(a)(2) states that a notice of appeal filed after the court announces its decision but before entry of judgment is treated as filed on the date of entry. However, the facts here do not fit within Rule 4(a)(2) because Plaintiff's January 9 Request was filed before the Court announced its decision.

IV.     **Plaintiff's May 23, 2007, Request for a Certificate of Appealability**

Whether Plaintiff's May 23 Request constitutes a notice of appeal is a much more difficult question. Because Plaintiff's May 23 Request was filed within the 30 day limit prescribed by Fed. R. App. P. 4(a)(1)(A), it would constitute a notice of appeal from this Court's May 15, 2007, Order Denying Plaintiff's Motion for Reconsideration and Reinstatement if the requirements of Fed. R. App. P. 3(c) are met. This is true even though Plaintiff's May 23 Request is captioned, "F.R.Civ.Pr. 60(b) [sic] REQUEST FOR A CERTIFICATE OF APPEALABILITY" because, according to *McMillan*, a request for a certificate of appealability can serve "double-duty" as a notice of appeal if the requirements of Rules 3 and 4 are met. *See McMillan*, 823 F.2d at 983. The Court has thoroughly examined Plaintiff's May 23 Request, and finds that it does not constitute a notice of appeal.

First, it should be noted that Plaintiff, in his May 23 Request, named the court to which

the appeal is taken.[2]  Second, Plaintiff's May 23 Request specifies the party taking the appeal.[3]  The fatal problem with Plaintiff's May 23 Request, however, is that it failed to specify that Plaintiff is appealing this Court's May 15, 2007, Order Denying Plaintiff's Motion for Reconsideration and Reinstatement.  Likewise, the May 23 Request, does not evince any intent to appeal the Court's May 15, 2007, order.  Instead, a close examination of the language used by Plaintiff in his May 23 Request reveals that Plaintiff was seeking to appeal the Court's December 6, 2006, Order Revoking Order of Reference and Summarily Dismissing Complaint, and the 30-day time limit prescribed by Rule 4(a) for filing a notice of appeal from this order had long expired.

Support for the Court's conclusion that Plaintiff's May 23 Request, cannot serve as a notice of appeal from the Court's May 15, 2006, order is found by carefully examining the language of Plaintiff's May 23 Request.  First, the May 23 Request does not mention the Court's May 15, 2006, order.  Second, Plaintiff, in his May 23 Request, does not seem to evince any intent to appeal from the Court's May 15, 2007, order.  Rather, Plaintiff's May 23 Request concentrates solely on asking the Sixth Circuit to grant Plaintiff a certificate of appealability with respect to the Court's "final judgment DENYING the Appellant his Civil Rights complaint." May 23 Request, at 1.  Because this Court dismissed Plaintiff's civil rights complaint in its December 6, 2006, order—and not in its May 15, 2007, order—the Court will construe the language in Plaintiff's May 23 Request as an attempt to appeal from the Court's

---

[2] In his opening paragraph, Plaintiff asked the Court to grant a certificate of appealability "to the Sixth Circuit Court of Appeals."  May 23 Request, at 1.

[3] Plaintiff states, "Plaintiff-Appelants' [sic], NATHAN EDWARDS . . . request [sic] for a CERTIFICATE OF APPEALABILITY . . . ."  May 23 Request, at 1.

7

December 6, 2006, order.

Therefore, because Plaintiff, in his May 23 Request, failed to specify the judgment or order being appealed and likewise failed to evince an intent to appeal this Court's May 15, 2007, order, the Court finds that Plaintiff's May 23 Request does not comply with Rule 3(c), and thus cannot be construed as a notice of appeal from the Court's May 15, 2007, order. The Sixth Circuit's holding in *McMillan* does not change this result because, although "there is no magic document called a Notice of Appeal" and "any document that meets the requirements of Rule 3(c) and is filed within the time prescribed by Rule 4(a) can function as a notice of appeal," Plaintiff's May 23 Request does not meet the requirements of Rule 3(c). *See McMillan*, 823 F.2d at 983. A finding to the contrary in this particular matter would frustrate Rule 3(c)'s purpose and prejudice the opposing side, because Plaintiff's May 23 Request did not provide sufficient notice of Plaintiff's intent to appeal this Court's May 15, 2007, order to the opposing side or to the courts. *See Glover*, 242 F.3d at 336. Accordingly,

IT IS ORDERED that neither Plaintiff's January 9 Request nor his May 23 Request constitute a notice of appeal from this Court's May 15, 2007, Order Denying Plaintiff's Motion for Reconsideration and Reinstatement.

          ___s/Bernard A. Friedman_____
          BERNARD A. FRIEDMAN
          CHIEF UNITED STATES DISTRICT JUDGE

Dated: ___August 9, 2007_____
    Detroit, Michigan